KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIM. CASE NO.   08CR0296-W |
| ) | |
| ) | DATE:   March 24, 2008 |
| Plaintiff, ) | TIME:    2:00 p.m. |
| ) | |
| ) | STATEMENT OF FACTS AND MEMORANDUM |
| v. ) | OF POINTS AND AUTHORITIES IN SUPPORT OF |
| ) | GOVERNMENT'S MOTIONS FOR RECIPROCAL |
| ) | DISCOVERY AND TO COMPEL FINGERPRINT |
| BRIJIDO RANGEL-DIAZ, ) | EXEMPLARS |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery and fingerprint exemplars.

**I**

**STATEMENT OF THE CASE**

On February 6, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Brijido Rangel-Diaz ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326. The Indictment further alleged that Defendant

had been removed from the United States subsequent to April 30, 2003. Defendant was arraigned on the Indictment on February 7, 2008, and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

### A. THE INSTANT OFFENSE

On January 23, 2008, at approximately 5:00 p.m., Supervisory Border Patrol Agent Jeffrey Mielke was performing infrared scope operations in the Chula Vista Border Patrol area when he observed a group of eleven individuals walking north near the area known as "Diablo Canyon." This area is approximately 1000 yards north of the United States/Mexico international border and approximately 4 miles east of the Otay Mesa Port of Entry.

After Agent Mielke relayed his observations, Border Patrol Agent Matthew Deponte responded to the area at approximately 6:00 p.m. and found eleven individuals. Agent Deponte approached the individuals and conducted a field interview. All eleven individuals, including the defendant, admitted that they were citizens and nationals of Mexico without any legal documentation to enter or remain in the United States.

Defendant was arrested and transported to the Chula Vista Border Patrol Station for processing, where his fingerprints were entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). Defendant's identity was confirmed, along with his criminal and immigration histories.

At approximately 2:18 a.m. on January 24, 2008, Defendant was advised of his Miranda rights and invoked his right to remain silent.

### B. DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on or about July 19, 2007. Defendant was removed from the United States to Mexico on at least one occasion - July 19, 2007 via the Calexico, California Port of Entry.

//
//
//

# III

# **GOVERNMENT'S MOTIONS**

**A.   MOTION FOR RECIPROCAL DISCOVERY**

    **A.   RULE 16(b)**

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States has complied with a defense request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

    **2.   RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of <u>Jencks</u> statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B.   Motion to Compel Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated.  The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial.  See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)).   Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights.  See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529  (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: March 17, 2008.

                                        Respectfully Submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        /s/ Luella M. Caldito

                                        LUELLA M. CALDITO
                                        Assistant U.S. Attorney
                                        Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>       v.<br><br>BRIJIDO RANGEL-DIAZ,<br><br>             Defendant. | Case No. 08CR0296-W<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

    I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1. Victor Pippins, Esq., Federal Defenders of San Diego, Inc.

    I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

    None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on March 17, 2008.

                                          /s/ Luella M. Caldito
                                          LUELLA M. CALDITO