1  KAREN P. HEWITT
   United States Attorney
2  LUELLA M. CALDITO
   Assistant U.S. Attorney
3  California State Bar No. 215953
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-7035
   Luella.Caldito@usdoj.gov
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  08CR0296-W |
| Plaintiff, | ) ) ) | DATE:  March 24, 2008<br>TIME:  2:00 p.m. |
| v. | ) ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO |
| BRIJIDO RANGEL-DIAZ, | ) ) | DEFENDANT'S MOTION TO:<br>(1)  COMPEL DISCOVERY AND PRESERVE |
| Defendant. | ) ) ) ) ) ) ) ) ) ) | EVIDENCE;<br>(2)  DISMISS THE INDICTMENT FOR FAILURE TO ALLEGE ALL ELEMENTS OF THE OFFENSE;<br>(3)  SUPPRESS STATEMENTS AND CONDUCT A VOLUNTARINESS HEARING; AND<br>(4)  GRANT LEAVE TO FILE FURTHER MOTIONS. |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, and hereby files its Response in Opposition to Defendant's above-referenced Motions.  This Response is based upon the files and records of this case.

**I**

**STATEMENT OF THE CASE**

On February 6, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Brijido Rangel-Diaz ("Defendant") with Attempted Entry After Deportation, in

violation of Title 8, United States Code, Section 1326. The Indictment further alleged that Defendant had been removed from the United States subsequent to April 30, 2003. Defendant was arraigned on the Indictment on February 7, 2008, and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

### A.   THE INSTANT OFFENSE

On January 23, 2008, at approximately 5:00 p.m., Supervisory Border Patrol Agent Jeffrey Mielke was performing infrared scope operations in the Chula Vista Border Patrol area when he observed a group of eleven individuals walking north near the area known as "Diablo Canyon." This area is approximately 1000 yards north of the United States/Mexico international border and approximately 4 miles east of the Otay Mesa Port of Entry.

After Agent Mielke relayed his observations, Border Patrol Agent Matthew Deponte responded to the area at approximately 6:00 p.m. and found eleven individuals. Agent Deponte approached the individuals and conducted a field interview. All eleven individuals, including the defendant, admitted that they were citizens and nationals of Mexico without any legal documentation to enter or remain in the United States.

Defendant was arrested and transported to the Chula Vista Border Patrol Station for processing, where his fingerprints were entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). Defendant's identity was confirmed, along with his criminal and immigration histories.

At approximately 2:18 a.m. on January 24, 2008, Defendant was advised of his <u>Miranda</u> rights and invoked his right to remain silent.

### B.   DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on or about July 19, 2007. Defendant was removed from the United States to Mexico on at least one occasion - July 19, 2007 via the Calexico, California Port of Entry.

# III

# **ARGUMENT**

### A. MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

The United States has and will continue to fully comply with its discovery obligations. To date, the United States has produced 104 pages of discovery to Defendant's counsel, a DVD of Defendant's post-arrest interview and an audio tape of Defendant's deportation hearing. On February 28, 2008, defense counsel viewed Defendant's A-file. The Government produced the documents requested by defense counsel after the A-file viewing. As of today, the United States has received no reciprocal discovery.

The Certificate of Non-Existence of Record will be produced to defense counsel once the document is received by Government counsel. The Government has no objection to the preservation of evidence for a reasonable time period.

Counsel believes that all discovery disputes can be resolved amicably and informally in this case and it is respectfully requested that no orders compelling specific discovery by the United States be made at this time.

### B. DEFENDANT'S MOTION TO DISMISS THE INDICTMENT SHOULD BE DENIED

Defendant argues that the Indictment should be dismissed because it fails to allege a specific, post-conviction date of removal. Defendant's argument lacks merit and his motion to dismiss should be denied.

The Indictment alleges facts sufficient to charge a violation under 8 U.S.C. § 1326 and to subject Defendant to an increased sentence under § 1326(b). Defendant mistakenly claims that United States v. Salazar-Lopez, 506 F.3d 748 (9th Cir. 2007) supports his motion to dismiss. However, in Salazar-Lopez, the Ninth Circuit made clear that the language in the instant Indictment was sufficient to expose Defendant to the increased penalties under § 1326(b). See Salazar-Lopez, 506 F.3d at 752.

The indictment in Salazar-Lopez charged the defendant with one count of being a previously removed alien found in the United States. Id. at 750. However, the indictment did not allege that the Salazar-Lopez had been previously removed subsequent to a felony conviction, nor did it allege a

1  specific date for Salazar-Lopez's prior removal. Id. A jury subsequently convicted Salazar-Lopez and
2  at sentencing, the he argued that he was only subject to the penalties under 8 U.S.C. § 1326(a). Id. The
3  district court disagreed and sentenced Salazar-Lopez to 21 months custody. Id.

4  Although the Ninth Circuit affirmed Salazar-Lopez's 21-months sentence, it held that the
5  indictment should have alleged the date of the removal, or at least the fact that Salazar-Lopez had been
6  removed after his conviction.[1] Id. at 752 (emphasis added). In so holding, the Ninth Circuit reiterated
7  "any fact other than a prior conviction that increases the maximum penalty for a federal crime must also
8  be charged in an indictment." Id. (emphasis added); citing United States v. Jordan, 291 F.3d 1091, 1095
9  (9th Cir. 2002) and United States v. Buckland, 289 F.3d 558, (9th Cir. 2002).

10  Here, in contrast to Salazar-Lopez, the Indictment alleges that the defendant was "removed from
11  the United States subsequent to April 30, 2003." Defendant suffered convictions for inflicting corporal
12  injury on spouse, in violation of California Penal Code § 273.5(a), rape by force, fear or duress, in
13  violation of California Penal Code § 261(a)(2) and failure to appear while on bail, in violation of
14  California Penal Code § 1320.5. Defendant was sentenced on all three convictions on April 30, 2003.
15  Thus, under Salazar-Lopez, Defendant's motion to dismiss should be denied. Furthermore, if
16  convicted, Defendant would be subject to the penalties under § 1326(b).

17  **C.   DEFENDANT'S FIELD STATEMENTS ARE ADMISSIBLE**

18  Defendant moves to suppress his field statements by arguing that the statements were obtained
19  in violation of Miranda and that the statements were involuntary. Defendant also requests an
20  evidentiary hearing to determine the admissibility of these statements. As shown below, Defendant's
21  motions should be denied. Statements made in response to interrogation while a suspect is in custody
22  may be inadmissible if made absent Miranda warnings. "A defendant is in custody when, based upon
23  review of all pertinent facts, a reasonable innocent person in such circumstances would conclude that
24  after brief questioning he or she would not be free to leave." United States v. Wauneka, 770 F.2d 1434,
25  1438 (9th Cir. 1985). Specifically, courts must determine "whether there was a formal arrest or restraint

---

[1] Ultimately, the Ninth Circuit held that the indictment error was harmless error as the record established that Sanchez-Lopez was removed after sustaining a prior conviction. Id. at 755.

on freedom of movement of the degree associated with a formal arrest." Stansbury v. California, 511 U.S. 318, 322 (1994) (per curium). If a person is merely subjected to a brief investigatory detention, he or she is not entitled to Miranda warnings. See, e.g., United States v. Casimiro-Benitez, 533 F.2d 1121, 1124 (9th Cir. 1976) (questions regarding alienage are permissible as general on the scene inquiries where defendant is suspected of illegal entry).

Additionally, where agents apprehend a significant number of suspects and question them in public regarding their alienage and citizenship prior to arrest, this is not a custodial interrogation under Miranda. United States v. Galindo-Gallegos, 244 F.3d 728, 732 (9th Cir. 2001). In Galindo-Gallegos, two agents chased and detained 15 to 20 people suspected of illegal entry in a rural area near the border. Id. at 729. Prior to Miranda warnings, agents asked the suspects what country they were from and whether they had a legal right to be in the United States. Id. The Ninth Circuit held there was no custodial interrogation because the number of witnesses, and the fact that the questioning took place in public, eliminated any risk of misconduct on the part of the agents to overcome the suspects' will. Id. at 732.

Similarly, in United States v. Cervantes-Flores, 421 F.3d 825, 828, 830 (9th Cir. 2005), a Border Patrol agent observed the defendant walking along the side of a highway known to be a smuggling route approximately 40 miles north of the United States/Mexico border. When it appeared that the defendant observed the marked Border Patrol vehicle, he fled. Id. at 828. The agent jumped from his vehicle and chased the defendant into the desert for approximately three-quarters of a mile. Id. Upon catching up with him, the agent subdued and handcuffed the defendant. Id. Without giving any Miranda warnings, the agent asked the defendant his citizenship, whether he had immigration documents allowing him to be in the United States, and how he crossed the border. Id. The defendant admitted he was a citizen of Mexico, lacked permission to be in the United States, and had entered illegally. The Ninth Circuit affirmed the district court's decision to admit the defendant's field statements. Id. at 830. The Ninth Circuit held that since the agent had reasonable suspicion to make a Terry stop, the agent could ask the defendant about his place of birth, his citizenship, whether he had permission to be in the United States and how he had crossed into the United States. Id. These questions were reasonably limited in scope to determining whether the defendant had crossed the border illegally. Id.

1      Here, as in the cases discussed above, there was no custodial interrogation requiring Miranda
2 warnings. Agent Deponte found Defendant approximately ½ mile north of the international border.
3 Defendant was contacted in a public place and was with ten other individuals. As in Galindo-Gallegos
4 and Cervantes-Flores, Agent Deponte was investigating the illegal entry of suspects near the border and
5 merely questioned Defendant as to his immigration status. Inquiry into Defendant's citizenship and
6 legal status are considered investigatory questions. See United States v. Cervantes-Flores, 421 F.3d at
7 830. The investigatory stop did not rise to the level of a custodial interrogation necessitating Miranda
8 warnings. Id.
9      Moreover, Agent Deponte simply questioned Defendant as to his legal status and did not coerce
10 Defendant to provide an answer to his questions. Indeed, Defendant makes no specific allegation of any
11 coercive conduct on the part of Agent Deponte who obtained Defendant's field statements. Therefore,
12 Defendant's motion to suppress his field statements should be denied.

13
14          1.   Defendant's Request for an Evidentiary Hearing Should Be Summarily
                 Denied For Failure to Comply with Local Criminal Rule 47.1(g)

15     Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal
16 Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when
17 the defendant adduces specific facts sufficient to require the granting of the defendant's motion. United
18 States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) ("[T]he defendant, in his motion to suppress,
19 failed to dispute any material fact in the government's proffer. In these circumstances, the district court
20 was not required to hold an evidentiary hearing."); United States v. Moran-Garcia, 783 F. Supp. 1266,
21 1274 (S.D. Cal. 1991) (stating that boilerplate motion containing indefinite and unsworn allegations was
22 insufficient to require evidentiary hearing on defendant's motion to suppress statements). Specifically,
23 Local Criminal Rule 47.1(g)(1) states that "[c]riminal motions requiring predicate factual finding shall
24 be supported by declaration(s)" and that "[t]he Court need not grant an evidentiary hearing where either
25 party fails to properly support its motion or opposition." Here, Defendant has failed to support his
26 allegation with a declaration, in clear opposition to Local Rule 47.1(g). The Ninth Circuit has held that
27 a District Court may properly deny a request for an evidentiary hearing on a motion to suppress
28

evidence because the defendant did not properly submit a declaration pursuant to a local rule. United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991).

    **D.**    **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

The Government opposes this request unless the motion is based upon newly discovered evidence not available to Defendant at the time of the motion hearing.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests that Defendant's Motions be denied.

DATED: March 17, 2008

            Respectfully Submitted,

            KAREN P. HEWITT
            United States Attorney

            /s/ Luella M. Caldito
            LUELLA M. CALDITO
            Assistant U.S. Attorney
            Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0296-W |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| BRIJIDO RANGEL-DIAZ, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of:

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO (1) COMPEL DISCOVERY AND PRESERVE EVIDENCE; (2) DISMISS INDICTMENT; (3) SUPPRESS STATEMENTS; AND GRANT LEAVE TO FILE FURTHER MOTIONS

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Victor Pippins of Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2008

/s/ Luella M. Caldito
LUELLA M. CALDITO